IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JONNIE YVONNE VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV-15-861-R |
| vs. | ) | |
| | ) | (Formerly Workers' Compensation |
| (1) DILLARD'S, INC., | ) | Commission Case No. 2014-11060L) |
| QUALIFIED EMPLOYER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Dillard's, Inc. ("Dillard's"), pursuant to 28 U.S.C. §§1441-1448, hereby removes this case to the United States District Court for the Western District of Oklahoma.  In support of removal, Dillard's states as follows:

## I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT.

1.     Dillard's is a Qualified Employer in Oklahoma and has established the Dillard's Injury Benefit Plan for Oklahoma Employees (the "Plan") to dispense employee benefits for employees who are injured at work. A true and correct copy of the Plan is contained in the Administrative Record, which is attached hereto as **Exhibit 3**, at Admin Record 0143-0204.

2.	The Plan is governed by the Employee Retirement Income Security Act ("ERISA").[1]

3.	Plaintiff Jonnie Yvonne Vasquez ("Plaintiff" or "Vasquez") filed a Request for Review of Adverse Benefit Determination (the "Request for Review") to enforce her rights under the terms of the Dillard's Plan. A true and correct copy of the Request for Review is attached as **Exhibit 1**.

4.	Plaintiff's Request for Review is authorized by and falls within the scope of the civil enforcement provision of ERISA and is therefore completely preempted by ERISA. *See* ERISA §502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B). Specifically, Plaintiff states she, "is seeking to enforce her rights under the terms of the Dillard's Plan, and to clarify her rights to future benefits under the terms of the Dillard's Plan," which tracks the express language of ERISA's civil enforcement provision.

5.	Plaintiff's Request for Review is not subject to 28 U.S.C. § 1445(c) ("Nonremovable Actions") because the Request for Review does not arise "under the workmen's compensation laws" of Oklahoma.[2]

---

[1] The Plan is not exempt from ERISA because it is not meant solely to comply with state workers' compensation laws; instead, Dillard's has voluntarily elected to sponsor the Plan, and it is a multi-benefit plan providing for enhanced benefits. ERISA § 4(b)(3); 29 U.S.C. § 1003(b)(3); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 92, 103 S. Ct. 2890, 2897, 77 L. Ed. 2d 490 (1983); *see also, Lester v. Advanced Envtl. Recycling Technologies, Inc.*, 248 Fed. Appx. 492, 496 (5th Cir. 2007); *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360, 363 (5th Cir. 2002).

6.      As the Oklahoma Supreme Court recognized in *Coates v. Fallin*, 2013 OK 108, 316 P.3d 924, the Oklahoma Workers' Compensation Code (85 O.S. 2011 §§ 301 *et seq.*) was repealed and replaced by two separate acts that address the manner in which employers can provide benefits to injured employees – one act to continue workers' compensation in the state and the other act to provide an alternative to workers' compensation in the state.

7.      The Administrative Workers' Compensation Act, 85A O.S. Supp. 2014 §§ 1 *et seq.*, (the "Administrative Act") was passed to continue workers' compensation in the state.

8.      The Oklahoma Employee Injury Benefit Act, 85A O.S. Supp. 2014 §§ 201 *et seq.*, (the "Oklahoma Option") was passed to provide an alternative to workers' compensation in the state for employers who choose to provide benefits through their own ERISA-based benefit plans.

9.      Pursuant to the Oklahoma Option, employers may voluntarily elect to be exempt from the Administrative Act and become a qualified employer.

---

[2] This case is distinguishable from *Cavazos v. Harrah Nursing Center*, No. CIV-15-0366-HE. In *Cavazos*, the dispute was narrow in scope—it involved a *claim for benefits* with the Workers' Compensation Commission. In this case, the Plaintiff has filed a request for review to enforce her *rights under the Plan*. In addition, Plaintiff has asserted claims for (1) ERISA breach of fiduciary duty on the part of Dillard's as the plan administrator, and (2) violation of due process rights under the Oklahoma Constitution by application of ERISA's claims procedures.  *See* 29 U.S.C. § 1133.  Therefore, this case should not be remanded.

10.     Under ERISA, state courts of competent jurisdiction and district courts of the United States have concurrent jurisdiction over civil actions to enforce or clarify rights under a plan. *See* 29 U.S.C. § 1132(e)(1).

11.     The Oklahoma Option contemplates that civil enforcement actions will be brought under ERISA. Specifically, Section 211 of the Oklahoma Option establishes that the Workers' Compensation Commission sitting en banc shall act as the state court of competent jurisdiction for civil actions brought under ERISA. *See* 85A O.S. Supp. 2014 § 211(B)(5)("The Commission en banc shall act as the court of competent jurisdiction under 29 USCA Section 1132(e)(1)…").

12.     While a plaintiff may choose to file an ERISA enforcement action claim under Section 1132(a) in a state court of competent jurisdiction, it is well-settled law that any such claims are removable to federal court. *See, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1547, 95 L. Ed. 2d 55 (1987).

13.     Because Plaintiff's Request for Review is made pursuant to the civil enforcement provision of ERISA and it does not arise under the workers' compensation laws of the State of Oklahoma (in other words, it arises under ERISA or, at most, the Oklahoma Option, but not the Administrative Act), federal courts have original jurisdiction over this case, and it is removable to federal court. *See* 28 U.S.C. § 1441(a).

14.     Resolution of this matter in federal court will provide guidance to the state court of competent jurisdiction regarding the applicable standard under ERISA in these cases.

15.     Removal is effectuated under 28 U.S.C. §§1331, 1441-1448 and 29 U.S.C.A. §1132(e).

16.     Removal to this district is proper under 28 U.S.C. §§116(c) and 1441(a).

## II.     FACTUAL BACKGROUND.

### A.     Dillard's Established An Injury Benefit Plan Under ERISA.

17.     On September 1, 2014, Dillard's established and maintained an employee welfare benefit plan as defined under 29 U.S.C. §1002(1) and §1003(a) for the purpose of providing benefits to employees injured on the job.

18.     ERISA defines "employee welfare benefit plan" as: "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ..." 29 U.S.C. § 1002(1); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997).

19.     The Dillard's Plan is an ERISA-covered "employee welfare benefit plan" under 29 U.S.C. §1002(1).

20.     Dillard's does not participate in the Oklahoma Workers' Compensation System and has established the Plan, as allowed by the Oklahoma Option.

21.     Dillard's established and maintains the Plan to provide occupational *and non-occupational* benefits to participants.

22.     Dillard's is the sponsor, administrator, and fiduciary for the Dillard's Plan.

23.     The Plan provides benefits for payment of medical expenses, disability expenses and other expenses for employees injured while on the job.  In addition to providing the minimum form and levels of benefits required by the Oklahoma Option, the Plan also provides certain enhanced occupational benefits (such as enhanced temporary disability benefits) and non-occupational death benefits for employees injured while off the job.

24.     Benefit payments under this Plan are self-funded by Dillard's and administered through Dillard's internal Claims Department.

25.     Vasquez was an employee of Dillard's at the time of an alleged work injury, she was a participant in the Plan, and she was entitled to seek benefits in accordance with the terms of the Plan.

**B.     Plaintiff Sought Benefits Under the Plan**.

26.     On September 11, 2014, and September 24, 2014, Plaintiff submitted claims for benefits to the Plan for injuries allegedly suffered on September 11, 2014, while working for Dillard's.

27.     Dillard's denied the claims on October 3, 2014, and October 10, 2014, respectively, in accordance with ERISA Claim Regulations.  *See* 29 C.F.R. 2560.503-1.

28.     Plaintiff contends she is entitled to benefits under the Plan.

29.     Plaintiff filed a CC-Form 3, Notice of Claim for Compensation, with the Oklahoma Workers' Compensation Commission in Oklahoma City, Oklahoma on or about December 5, 2014, against Dillard's.

30.     In the Notice, Plaintiff sought benefits for injuries she alleges she sustained while working for Dillard's.

31.     Dillard's removed the Notice of Claim for Compensation to Federal Court on December 19, 2014.  *See* Civil Action No. Civ-14-1043-F, *Jonnie Yvonne Vasquez v. Dillard's, Inc.* filed with this Court.

32.     The parties subsequently entered into a Stipulation of Dismissal without Prejudice on January 9, 2015.

33.     Plaintiff then appealed Dillard's denial of benefits through the Plan on March 4, 2015, in accordance with Plan procedures. A true and correct copy of the notice of appeal is contained in the Administrative Record. *See* **Exhibit 3**, at Admin Record 0205-0207.

34.     The Appeals Committee for the Plan requested an independent medical exam of Ms. Vasquez, which was conducted in May, 2015. *See* **Exhibit 3**, at Admin Record 0219-0236.

35.     On June 8, 2015, the Appeals Committee upheld the Plan's denial of benefits in accordance with ERISA Claim Regulations.  *See* 29 C.F.R. 2560.503-1. *See* **Exhibit 3**, at Admin Record 0237-0238**.**

36.     On July 8, 2015, Plaintiff filed a Request for Review with the Oklahoma Workers' Compensation Commission pursuant to Section 211 of the Oklahoma Option and Section 502(a) of ERISA. *See* **Exhibit 1**.

37.     Dillard's now files this Notice of Removal of the Request for Review.

### III.      THE DILLARD'S PLAN IS GOVERNED BY ERISA.

38.      ERISA defines "employee welfare benefit plan" as: "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ..." 29 U.S.C. § 1002(1); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997).

39.      Dillard's established and maintains the Plan to provide occupational and non-occupational benefits to participants, as authorized by the Oklahoma Option. Dillard's is the sponsor, administrator, and fiduciary for the Dillard's Plan. The Plan provides benefits for payment of medical expenses, disability expenses and other expenses for employees injured while on the job.  In addition to providing the minimum form and levels of benefits required by the Oklahoma Option, the Plan also provides certain enhanced occupational benefits (such as enhanced temporary disability benefits) and non-occupational death benefits for employees injured while off the job. Benefit payments under this Plan are self-funded by Dillard's and administered through Dillard's internal Claims Department.

40.      Like Oklahoma, Texas passed a similar statute that allows employers to opt out of state workers' compensation laws—it is called non-subscription. In evaluating Texas employer injury benefit plans under the opt-out, or non-subscriber, laws, the Fifth Circuit has consistently held that these employer injury benefit plans provided to employees as an alternative to workers' compensation are governed by ERISA.

Specifically, the Fifth Circuit has stated, "occupational injury benefit plans established by non-subscribers to Texas's workers' compensation system….are not 'maintained solely for the purpose of complying with applicable workmen's compensation laws' and thus are governed by ERISA." *See, e.g., Lester v. Advanced Envtl. Recycling Technologies, Inc.*, 248 Fed. Appx. 492, 496 (5th Cir. 2007); *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360, 363 (5th Cir. 2002). While not binding authority on this court, the Fifth Circuit's precedent regarding Texas employer injury benefit plans is instructive, as Texas has the only other workers' compensation opt-out law in the country.

41.     The Dillard's Plan is an ERISA-covered "employee welfare benefit plan" under 29 U.S.C. §1002(1).

## IV.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA AND REMOVABLE TO FEDERAL COURT.

42.     "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). In determining the existence of federal question jurisdiction, courts are "guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (quotation omitted). The doctrine of "complete preemption," however, is "a corollary or an exception to the well pleaded complaint rule," under which "a state law cause of action may be removed to federal court on the

theory that federal preemption makes the state law claim necessarily federal in character." *Id*. at 1061 (quotation omitted). "[O]nly a few federal statutes…so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

43.     "[C]auses of action within the scope of the civil enforcement provision of [ERISA] § 502(a) [are] removable to federal court." *Taylor*, 481 U.S., at 66.

44.     Plaintiff's Request for Review is a cause of action under the civil enforcement provision of ERISA § 502(a). Plaintiff's Request for Review is an action by a participant or beneficiary of an "employee welfare benefit plan" as defined under 29 U.S.C. §1002(1), to recover benefits she alleges are due to her under the terms of the Plan, and/or to enforce her rights under the terms of the Plan, and/or to clarify her rights to benefits under the terms of the Plan. *See* **Exhibit 1**, Request for Review at pp. 2-8. Therefore, federal jurisdiction exists pursuant to 29 U.S.C. §1132(a)(1)(B) and §1132(e)(1), and 28 U.S.C. §1331.

45.     ERISA provides for complete pre-emption of any claims that fall within the civil enforcement provision of ERISA Section 502(a) (29 U.S.C. § 1132(a)).

46.     As set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) and re-affirmed recently by the Tenth Circuit in *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130 (10th Cir. 2014), there is a two-part test for determining whether a claim falls within the civil enforcement provision of ERISA Section 502(a). First, the claim must assert rights to which the plaintiff is entitled only because of the terms of an ERISA-regulated employee benefit plan. *See Salzer*, 762. F.3d

at 1135 (*citing Davila*, 542 U.S., at 210). Second, the plaintiff must not have an independent cause of action under state law by which to seek relief. *Id*.

47.     In this case, Plaintiff's claim meets the first prong of the *Davila* test because Plaintiff's claim for benefits cannot be resolved without reference to the relevant Plan terms; it is only because of the terms of the Plan that Plaintiff may assert a right to relief. Plaintiff's claim meets the second prong of the *Davila* test because Section 209 of the Oklahoma Option expressly provides that a plan participant's exclusive claim for occupational injury benefits is through a claim against the Plan. *See* 85A O.S. Supp. 2014, § 209. Plaintiff has no independent cause of action to recover benefits under state law. Because Plaintiff's claim meets the two-part test established by *Davila*, it falls within the scope of the civil enforcement provision of ERISA.

48.     If a claim, even if filed in state court, falls within the scope of ERISA's civil enforcement provision (Section 502(a)/ 1132(a)), then it is "completely pre-empted by ERISA § 502 and removable to federal district court." *See Salzer*, 762 F.3d at 1138 (*citing Davila*, 542 U.S. at 213-14); *see also Taylor*, 481 U.S. at 62-63.

49.     Section 502(a) of ERISA, the statute's civil enforcement provision, provides that a "civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan...." 29 U.S.C. § 1132(a). This provision has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209. State-law actions within the scope of § 502(a) are recharacterized as federal claims and are removable to federal court. *Caterpillar, Inc.*

*v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). **A state-law claim that seeks to recover benefits due under an ERISA plan is generally preempted.** *See Davila*, 542 U.S. at 210 ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).").

50.     Here, even though Plaintiff filed a Request for Review with the state court of competent jurisdiction according to Section 211 of the Oklahoma Option, her claim is completely preempted by ERISA because it falls within the scope of ERISA's civil enforcement provision (ERISA § 502(a); 29 U.S.C. § 1132(a)). Therefore, it is removable to federal district court.

## V.     THIS CASE IS NOT NON-REMOVABLE UNDER 28 U.S.C. § 1445(c).

51.     This case is not non-removable under 28 US.C. § 1445(c) because it does not arise under the workmen's compensation laws of the State of Oklahoma.

52.     The Tenth Circuit has held Section 1445(c) is triggered when a state's workers' compensation laws create a specific right of action, and a civil action is brought to enforce that action. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). In *Suder*, the court held that a claim for retaliatory discharge arose under Oklahoma's workers' compensation laws because Section 5 of the former Oklahoma Workers' Compensation Act forbid an employer from discharging an employee in response to

certain good faith actions taken by the employee, and therefore, was nonremovable under § 1445(c).

53.     In this case, Plaintiff's claims cannot arise under the Administrative Workers' Compensation Act, 85A O.S. Supp. 2014 §§ 1 *et seq.* The Dillard's Plan was authorized by the Oklahoma Option, not the Administrative Act. Further, Plaintiff "is seeking to enforce her rights under the terms of the Dillard's Plan, and to clarify her rights to future benefits under the terms of the Dillard's Plan." *See* **Exhibit 1**, at pp. 2-8. Plaintiff's claim falls squarely within ERISA's civil enforcement provision. Therefore, Plaintiff's claims arise under ERISA.

54.     In addition, the court retains original and supplemental jurisdiction over actions involving federal questions. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. 1441(c) to clarify that federal courts retain original jurisdiction and supplemental jurisdiction over actions involving a federal question. Indeed, Section 1441(c) was amended specifically to prevent the overly broad application of Section 1445(c) ("Nonremovable Actions"). Therefore, even if some of Plaintiff's claims were made nonremovable under Section 1445(c), removal would still be proper under Section 1441(c) ("the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)[a claim that has been made nonremovable by statute]").

55.     Plaintiff's claims arise under ERISA, not the Oklahoma Administrative Workers' Compensation Act. Therefore, her claims are completely preempted by ERISA and subject to removal—they are not made non-removable by 28 U.S.C. § 1445(c).

## VI.   THE WESTERN DISTRICT OF OKLAHOMA IS THE APPROPRIATE FORUM FOR PLAINTIFF'S ERISA CIVIL ENFORCEMENT CASE.

56.     Under 28 U.S.C. § 1331, federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

57.     Pursuant to 1441 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Western District of Oklahoma is the proper judicial district for removal of an action from Oklahoma County. 28 U.S.C. § 116.

## VII.   DILLARD'S TIMELY FILED A NOTICE OF REMOVAL.

58.     Plaintiff filed her Request for Review on July 8, 2015.

59.     Dillard's received Plaintiff's Request for Review on July 14, 2015.

60.     This notice of removal is timely filed by Dillard's under 28 U.S.C. § 1446 because it is filed within thirty days from the date Dillard's received Plaintiff's initial state court pleading, and this action is removed under 28 U.S.C. §§ 1441-1448.

61.     Copies of all process, pleadings and orders filed with the Workers' Compensation Commission are submitted herewith as **Exhibits 1**, **2**, **3**, **4, 5, and 6** and are adopted and incorporated herein.   In accordance with LCvR 81.2(a), a true and correct copy of the court's "Activity Listing" is attached hereto as **Exhibit 7**.

62.     Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and written notice of the filing of this Notice of Removal will be served on counsel of record and will be filed with the Oklahoma Workers' Compensation Commission.

Dated the 6th day of August, 2015.

Respectfully submitted,

*/s/ G. Calvin Sharpe*
G. Calvin Sharpe, OBA #11702
Amy D. White, OBA #19255
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, OK 73102
Telephone: 405-235-4100
Facsimile:  405-235-4133
Email: gcsharpe@phillipsmurrah.com
        adwhite@phillipsmurrah.com
**Attorneys for Defendant Dillard's, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2015, the foregoing was filed with the Court Clerk for the United States District Court for the Western District of Oklahoma and that a true and correct copy was mailed, postage prepaid and addressed to:

Oklahoma Workers' Compensation Commission
1915 North Stiles Avenue
Oklahoma City, OK  73105

John R. Colbert
Colbert Cooper Hill
PO Box 1421
Ardmore, OK  73402

*/s/ G. Calvin Sharpe*
G. Calvin Sharpe

00949046.DOCX